UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

− − − − − − − − − − − − − − − − − − − − − − − − − − − x

ROBERT SOCKWELL,                                    :
                                                    :
                            Plaintiff,              :
                                                    :     Case No.:    24-cv-6928
            -against-                               :
                                                    :
LVNV FUNDING, LLC, RESURGENT CAPITAL                :
SERVICES LP and SHERMAN FINANCIAL GROUP             :
LLC,                                                :
                                                    :
                            Defendants.             :

− − − − − − − − − − − − − − − − − − − − − − − − − − − x

### DEFENDANTS', LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES LP and SHERMAN FINANCIAL GROUP LLC, NOTICE OF REMOVAL

Defendants, LVNV Funding, LLC, ("LVNV"), Resurgent Capital Services LP ("Resurgent") and Sherman Financial Group LLC ("Sherman"), (collectively, "Defendants"), file this Notice of Removal of this action to the United States District Court for the Southern District of New York, as follows:

1.      On August 14, 2024, Plaintiff, Robert Sockwell ("Plaintiff"), filed his Summons and Complaint in the Supreme Court of the State of New York, County of New York, (Index. No.: 157474/2024).

2.      This is a civil action based on Plaintiff's allegations that Plaintiff was actually damaged due to Defendants' purported violations of, *inter alia*, the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). *See* Compl. ¶¶ 32-58.

3.      Defendants desire to exercise their right to remove the county court action under 28 U.S.C. § 1441(a), which provides in pertinent part:

Except as otherwise expressly provided by Act of Congress, any

1

> civil action brought in a State court of which the district courts of
> the United States have original jurisdiction, may be removed by the
> defendant or the defendants, to the district court of the United States
> for the district and division embracing the place where such action
> is pending.

4.      Given that the Complaint *alleges* that Defendants violated the FDCPA, and, as a result of that violation, Plaintiff was injured and suffered actual "compensable" damages, this Court, pursuant to 28 U.S.C. § 1331, has subject matter jurisdiction over the allegations in the Complaint.

5.      Thus, the Supreme Court of the State of New York, County of New York, New York action may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1441(a) because this is a civil action pending within the jurisdiction of the United States District Court for the Southern District of New York and because the allegations by Plaintiff allege violations of the FDCPA.

6.      Simply stated, removal is proper because this case involves a federal question alleged violation of the FDCPA.   Therefore, the entire Complaint is removable pursuant to 28 U.S.C. §1441(a).

7.      Removal is timely pursuant to 28 U.S.C. §1446(b) because Defendants have filed this Notice of Removal within 30 days of its receipt of Plaintiff's Complaint.

8.      Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders and other papers filed in this action and obtained by Defendants are attached hereto and marked as Exhibit A and incorporated herein by reference.

9.      A civil cover sheet will be contemporaneously filed with this pleading.

10.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been sent to Plaintiff and will be filed with the Clerk of the Supreme Court of the State of New York, County of New York.  By serving a copy of this Notice of Removal upon Plaintiff's Counsel, Defendants are

giving Plaintiff proper notice of this removal.'

11.    Venue is proper in this district under 28 U.S.C. §1441(a) because the State Court where the suit has been pending is located in this District.

12.    Plaintiff demanded a trial by jury in the State Court, as referred to in Plaintiff's Complaint.

13.    Defendants reserve the right to amend or supplement this Notice of Removal and further reserves the right to raise all defenses or objections.

For the above reasons, Defendants request that this Court assume full jurisdiction over the proceeding as provided by law.

Date: September 13, 2024

**J. ROBBIN LAW**

*/s/ Austin O'Brien*
Austin O'Brien, Esq.
J. ROBBIN LAW
200 Business Park Drive, Suite 103
Armonk, NY 10504
*Attorney for Defendants,*
austin.obrien@jrobbinlaw.com
914.685.5018

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

|  |  |
|---|---|
| ROBERT SOCKWELL,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES LP and SHERMAN FINANCIAL GROUP LLC,<br>　　　　　　Defendants. | Index No.:<br>Date Purchased:<br><br>Plaintiff designates the County of New York as place of Trial<br><br><br>**SUMMONS** |

To the Above-Named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a Notice of Appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
　　　　August 14, 2024

ABEL L. PIERRE, ESQ.
Law Office of Abel L. Pierre, PC
*Attorney for Plaintiff*
140 Broadway, 46th Floor
New York, NY 10005
Tel: (212) 766-3323
Fax: (212) 766-3322
Email: abel@apierrelaw.com

**Addresses of Defendants:**

- LVNV Funding LLC – C/o Corporation Service Company – 19 West 44th Street, Suites 200 and 201, New York, NY 10036
- Resurgent Capital Services LP – C/o Corporation Service Company – 19 West 44th Street, Suites 200 and 201, New York, NY 10036
- Sherman Financial Group LLC – 200 Meeting Street, Suite 206, Charleston, SC, 29401

Case 1:24-cv-06928   Document 1   Filed 09/13/24   Page 6 of 27

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

ROBERT SOCKWELL,

                    Plaintiff,

                v.

LVNV FUNDING LLC, RESURGENT CAPITAL
SERVICES LP and SHERMAN FINANCIAL
GROUP LLC,

                    Defendants.

---

Index No.:

**COMPLAINT**

      Robert Sockwell, the Plaintiff herein, by his attorneys, as and for his complaint against the

Defendants LVNV FUNDING LLC ("LVNV"), RESURGENT CAPITAL SERVICES LP

("Resurgent") and SHERMAN FINANCIAL GROUP LLC ("SFG"), alleges as follows:

**NATURE OF ACTION**

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees
   brought pursuant to the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.
   §1692 *et seq.*, the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C §1681 *et seq.* and
   for the common-law tort of defamation.

2. The FDCPA is the main federal law that regulates debt collection practices. It exists to
   protect consumers from abusive, deceptive, and unfair debt collection practices.

3. The FCRA exists to protect consumers' privacy and to impose upon those who trade in
   consumers' private information strict requirements to ensure that the information they
   report is as accurate as possible. The Act likewise demands that consumers' disputes of
   inaccurate information be taken seriously by industry players, requiring that they do much
   more than simply pass information between themselves electronically without actually

Page **1** of **21**

investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION AND VENUE

4. Venue is proper in this jurisdiction because as Defendants transact business, supply goods and services within the state and this district.

## PARTIES

5. At all relevant times, Robert Sockwell is a natural person residing in Lackawanna County, Pennsylvania.

6. Plaintiff is a "consumer" as that term is defined in the FDCPA and FCRA.

7. Defendant LVNV FUNDING LLC was and is a foreign limited liability that did transact and does now presently transact business in the State of New York through its registered agent Corporation Service Company located at 19 West 44th Street, Suites 200 and 201, New York, NY 10036.

8. Upon information and belief, the principal purpose of LVNV is the collection of debts using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

9. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 15 U.S.C. § 1681.

10. Defendant RESURGENT CAPITAL SERVICES LP was and is a foreign limited partnership that did transact and does now presently transact business in the State of New York through its registered agent Corporation Service Company located at 19 West 44th Street, Suites 200 and 201, New York, NY 10036.

Page **2** of **21**

Case 1:24-cv-06928    Document 1    Filed 09/13/24    Page 8 of 27

11. Upon information and belief, the principal purpose of Resurgent is the collection of debts using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 15 U.S.C. § 1681 (b).

13. Defendant SHERMAN FINANCIAL GROUP LLC was and is a foreign limited liability that did transact and does now presently transact business in the State of New York.

14. Upon information and belief, the principal purpose of SFG is the collection of debts using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15. SFG is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 15 U.S.C. § 1681.

16. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

17. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## GENERAL FACTUAL ALLEGATIONS

18. Plaintiff adopts and realleges the foregoing as fully restated herein.

19. Prior to the commencement of this action, Plaintiff was alleged to have incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

Page **3** of **21**

20. The original creditor of the alleged debt incurred by Plaintiff is Citibank NA.

21. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

22. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendants.

23. At no time has Plaintiff owed any debt to Defendants.

24. At no time has Plaintiff had any accounts open with Defendants.

25. At no time has Plaintiff had any personal credit accounts with Defendants.

26. At no time has Plaintiff had any personal business relationship with Defendants.

27. At no time has Defendants been in possession of a signed contract between Plaintiff and any other entity.

28. At no time was Defendants in possession of documents which would have duly conferred upon Defendants the legal standing to collect any debt from Plaintiff.

29. Given the facts delineated above, at no time has Defendants had any information in its possession to suggest that Plaintiff owed a debt to Defendants.

30. Given the facts delineated above, at no time has Defendants had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendants.

31. Consequently, Defendants began its collection efforts to collect said debt from Plaintiff.

*Allegations as to the FDCPA*

32. On or around January 31, 2024, Mr. Sockwell reviewed his personal credit file maintained by Equifax Information Services LLC ("Equifax"). Equifax is a "consumer reporting agency" as that term is defined by the FCRA.

33. Within the Equifax report, Defendants furnished inaccurate and incomplete information about Mr. Sockwell's original Citibank account, in their attempts to collect the alleged

debt from Plaintiff.

34. Defendants reported that Mr. Sockwell opened the alleged account with them on March 12, 2020. Defendants' representations to Equifax were false and deceptive because Defendants do not report this date as the date the account was opened with the original creditor. Defendants instead creates the false narrative that LVNV is the original creditor that Mr. Sockwell opened the account that resulted in the alleged debt.

35. Defendants' reporting to Equifax, in regard to the date the account was allegedly opened is patently false because there is no credit agreement or contract between LVNV, Resurgent and Mr. Sockwell. Defendants are clearly engaging in the practice of "re-aging" of the account, in which they create the false narrative that the account is a new account in order to restart the statutes of limitation for collection and credit reporting, thus extending the length of time the derogatory account can appear on a consumer's credit report.

36. Additionally, Defendants also reported that the date of the first delinquency on the alleged account was in June 2019. This begs the question that if the date the alleged account was opened in March 2020, how can a consumer be delinquent on an account prior to the account being opened?

37. Moreover, by law, the furnishing of information on a consumer's credit file by a debt collector is a "communication". As per the FDCPA, a debt collector is required to disclose the original creditor of an alleged debt in all communications.

38. Defendants clearly and intentionally failed to report the name of the original creditor of the alleged debt to Equifax.

Page **5** of **21**

39. Defendants' failure and neglect to disclose the original creditor of the alleged debt was a false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

40. Defendants' representations to Equifax were false and deceptive because the Plaintiff never opened any account with LVNV or Resurgent.

41. Defendants have continued their collection efforts by its false and deceptive representations to Equifax. Defendants' false and deceptive representations to Equifax have damaged Mr. Sockwell in that Mr. Sockwell's credit profile is tainted and her debt-to-income ratio is severely affected, which have adversely affected his credit standing which has hindered his ability to apply for and benefit from credit.

42. Defendants' actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

43. Defendants' representations to Equifax in their attempt to collect a debt that is not owed, are "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

44. There is no agreement in writing between the Defendants and the Plaintiff that authorized the collection of this alleged debt.

45. Consequently, Defendants have maliciously sought to collect the debt from the Plaintiff.

46. Defendants' actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

47. Given the facts delineated above, at no time has Defendants have any information in its possession to suggest that Plaintiff owed a debt to Defendant.

48. Given the facts delineated above, at no time has Defendants have any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendants.

Page **6** of **21**

49. Considering the facts articulated herein, Defendants utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying a debt.

50. Considering the facts articulated herein, Defendants utilized false and deceptive means to coerce Plaintiff into the paying debt.

51. Considering the facts articulated herein, Defendants utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

52. Considering the facts articulated herein, Defendants attempted to collect a debt by communicating false representations or utilizing deceptive means.

53. Considering the facts articulated herein Defendants attempted to collect a debt by mischaracterizing the amount and legal status of the alleged debt.

54. Considering the facts articulated herein, Defendants engaged in collection activity, the purpose of which was to harass the Plaintiff.

55. Considering the facts articulated herein, Defendants attempted to collect a debt not authorized or permitted by law.

56. Considering the facts articulated herein, Defendants have communicated false credit information in an attempt to collect a debt from Plaintiff.

57. Defendant's activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(10), 1692e(8), 1692f and 1692f(1), amongst others.

58. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

### *Allegations at to the FCRA*

59. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

60. On or about February 26, 2024, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous and unverified representations made by Defendants on his credit file.

61. On or about a date better known to Equifax and Defendants, Equifax furnished Plaintiff's dispute to Equifax via e-Oscar.

62. Defendants failed to reasonably reinvestigate Plaintiff's dispute that Defendants received from Equifax in violation of the FCRA, as evidenced by Plaintiff's Equifax credit report dated April 3, 2024.

63. Defendants absolutely refused to update and correct the inaccurate and incomplete information with Plaintiff's Equifax file, after receiving notice of the inaccuracies.

64. Defendants' failure to update and correct the inaccurate and incomplete information is evidenced by its total refusal to disclose the original creditor of the alleged debt.

65. We know that the Defendants had an opportunity to correct the inaccuracies, as evidenced by the March 5, 2024 date it claims the information was reported. However, rather than correct and update the information as the law dictated, Defendants chose instead to punish the Plaintiff for invoking his rights as a consumer by continuing its erroneous reporting in order to artificially inflate the time in which the alleged account can stay on the Plaintiff's credit report.

66. Defendants' conduct, action and inaction not only oppressed the Plaintiff, but caused the Plaintiff irreparable harm.

67. Defendants have continued to furnish erroneous information to Equifax, despite being notified about and having knowledge of the inaccurate and incomplete information.

68. The reporting for the Account is inaccurate because it is grossly and intentionally incomplete and provides a completely skewed picture of the history of the Account, not to mention whom the alleged account originated with.

69. Defendants, conduct, action and inaction not only oppressed the Plaintiff, but caused the Plaintiff irreparable harm and damages.

70. Because of Defendants' intentional omissions, the Plaintiff has suffered harm and damages in or around February 2024 and March 2024, when he was denied credit by various entities.

## CLAIMS FOR RELIEF

### COUNT 1 – Violation of § 1692d of The FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

71. Plaintiff adopts and realleges the foregoing as fully stated herein.

72. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. See, *15 U.S.C. § 1692d.*

73. Defendants' violation of § 1692d of the FDCPA, include, but are not limited to, attempting to collect a debt, by knowingly and intentionally communicating false and misleading representations and mischaracterizing the legal status of the alleged debt.

74. Defendants' violation of § 1692d of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, *15 U.S.C. § 1692k.*

75. Defendants' actions committed in violation of § 1692d have caused Plaintiff to suffer actual injury in the form of a significant economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

76. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

77. Defendants' violation of § 1692d of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, *15 U.S.C. § 1692k(a)(1)*.

78. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 2 – Violation of § 1692e of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection**

79. Plaintiff adopts and realleges the foregoing as fully stated herein.

80. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. See, *15 U.S.C. § 1692e*.

81. Defendants' violation of § 1692e of the FDCPA, include, but are not limited to, attempting to collect a debt, by knowingly and intentionally communicating false and misleading representations and mischaracterizing the legal status of the alleged debt.

82. Defendants' actions were false, deceptive and misleading in their attempts to collect this alleged debt.

83. Defendants' violation of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, *15 U.S.C. § 1692k.*

84. Defendants' actions committed in violation of § 1692e caused Plaintiff to suffer actual injury in the form of significant economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

85. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

86. Defendants' violation of § 1692e of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. <u>See</u>, *15 U.S.C. § 1692k(a)(1).*

87. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 3 – Violation of § 1692e(2) of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt**

88. Plaintiff adopts and realleges the foregoing as fully stated herein.

89. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect a debt. <u>See</u>, *15 U.S.C. § 1692e(2).*

90. Defendants' violations of § 1692e(2) of the FDCPA, include, but are not limited to, attempting to collect a time-barred debt, by knowingly and intentionally communicating

Page **11** of **21**

false and misleading representations to a credit reporting agency and mischaracterizing the legal status of the alleged debt.. Defendants purposefully misrepresented and mischaracterized the legality of the alleged debt throughout their collection attempts. Defendants intentionally and negligently represented that Plaintiff owed a debt to them. Defendants intentionally and negligently represented that the alleged debt was a viable account that was to be collected by Defendants and paid to the Defendants. Defendants' actions were false representations of the legal status of the alleged debt.

91. Defendants' violations of § 1692e(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, *15 U.S.C. § 1692k.*

92. By seeking to collect a debt from Plaintiff by misrepresenting the amount of the debt, Defendants caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses.

93. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered of significant economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees a result of Defendants' abusive attempts to collect a debt.

94. Defendants' violations of § 1692e(2) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See15 U.S.C. § 1692k(a)(1).

95. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

Page **12** of **21**

**COUNT 4 - Violation of § 1692e(10) of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer**

96. Plaintiff adopts and realleges the foregoing as fully stated herein.

97. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. See, *15 U.S.C. § 1692e(10).*

98. Defendants' violation of § 1692e(10) of the FDCPA, include, but are not limited to, attempting to collect a time-barred debt, by knowingly and intentionally communicating false and misleading representations and mischaracterizing the legal status of the alleged debt.

99. Defendants' actions in violation of §1692e(10) were clearly false representations and deceptive means to collect an alleged debt.

100. Defendants' violations of §1692e(10) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, *15 U.S.C. § 1692k.*

101. Defendants' actions committed in violation of § 1692e(10) caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

102. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(10)of the FDCPA, Plaintiff was damaged in that he, among other things, suffered economic harm, stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

103. Defendants violations of § 1692e(10) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, *15 U.S.C. § 1692k(a)(1).*

104. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing

or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

### COUNT 5 - Violation of § 1692f of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

105.    Plaintiff adopts and realleges the foregoing as fully stated herein.

106.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. See, *15 U.S.C. § 1692f.*

107.    Defendants' violation of § 1692f of the FDCPA, include, but are not limited to, attempting to collect a time-barred debt, by, knowingly and intentionally communicating false and misleading representations to a credit reporting agency and mischaracterizing the amount and legal status of the alleged debt.

108.    Defendants' actions were clearly unconscionable and unfair in their attempts to collect an alleged debt.

109.    Defendants' violations of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, *15 U.S.C. § 1692k.*

110.    Defendants' actions committed in violation of § 1692f caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

111.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among 16 other things, suffered economic harm, stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

112.    Defendants' violations of § 1692f of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See,*15 U.S.C. § 1692k(a)(1)*.

113.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 6 – Violation of § 1692f(1) of the FDCPA – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law**

114.    Plaintiff adopts and realleges the foregoing as fully stated herein.

115.    Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. See, *15 U.S.C. § 1692f(1)*.

116.    Defendants' violations of § 1692f(1) of the FDCPA, include, attempting to collect a time-barred debt, by, by knowingly and intentionally communicating false and misleading representations to a credit reporting agency and mischaracterizing the legal status of the alleged debt.. Defendants purposefully misrepresented and mischaracterized the legality of the alleged debt throughout their collection attempts. Defendants intentionally and negligently represented that Plaintiff owed a debt to them. Defendants intentionally and negligently represented that the alleged debt was a viable account that was to be collected by Defendants and paid to the Defendants. Defendants' actions were false representations of the legal status of the alleged debt. Defendants' actions were clearly not permitted by law.

Page **15** of 21

117.     Defendants' violations of § 1692f(1) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, *15 U.S.C. § 1692k*.

118.     By seeking to collect a debt not authorized by a contract or the law from Plaintiff by attempting to collect a debt that is not authorized by an agreement and permitted by law, Defendants represented to Plaintiff that the alleged debt was a viable account which could be paid and collected. Defendants caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses.

119.     As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered economic harm, stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

120.     Defendants' violations of § 1692f(1) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, *15 U.S.C. § 1692k(a)(1)*.

121.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

### Count 7: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(A)

122.     Plaintiff adopts and realleges the foregoing as fully restated herein.

123.     The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

124.    It is evident that Defendants failed to fully conduct a reasonable investigation of the Plaintiff's dispute after said dispute was furnished to Defendants by Experian, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

125.    Defendants have violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct an investigation with respect to the disputed information.

126.    As a result of the above-described violation to §1681s-2(b)(1)(A), Plaintiff has sustained damages including denial of credit, benefits, damage to credit reputation, emotional distress, and mental and physical pain.

127.    Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

128.    Defendants' violative conduct was intentional, willful and negligent.

129.    The violation by Defendants was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

130.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

### Count 8: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(B)

131.    Plaintiff adopts and realleges the foregoing as fully restated herein.

132.    Defendants violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agencies, including Equifax, and to notate the disputed information as disputed to Equifax.

Page **17** of **21**

133.     When the Plaintiff submitted his dispute to Equifax, used a dispute system named, "e-Oscar", which has been adopted by the credit reporting agencies and by their furnisher-customers such as LVNV and Resurgent. It is an automated system and the procedures used by the CRAs are systemic and uniform.

134.     When a CRA receives a consumer dispute, it (usually via an off-shore, outsource vendor), translates that dispute into an "ACDV" form.

135.     The ACDV form used by which Defendants have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

136.     Based on the manner in which Equifax responded to-or did not respond to Plaintiff's dispute, representing that Defendants had "verified" the supposed accuracy of its reporting, Plaintiff alleges that Equifax did in fact forward the Plaintiff's dispute via an ACDV to Defendants.

137.     Defendants understood the nature of the Plaintiff's dispute when it received the ACDV from Equifax.

138.     Notwithstanding the above, Defendants follows a standard and systemically unlawful process when it receives the ACDV dispute. Basically, all Defendants do is review its own internal computer screen for the account and repeat back to the ACDV system the same information Defendants already had reported to the CRAs.

139.     When Defendants receive a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is accurate.

Page **18** of 21

140.    As a result of Defendants' violations of 15 U.S.C. §1681s-2(b)(1)(B), the Plaintiff suffered actual damages, including but not limited to denial of credit, benefits, damage to credit reputation, emotional distress, and mental and physical pain.

141.    The violations by Defendants were willful, rendering it liable for punitive damages in an amount pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants was negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

142.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

### Count 9: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(C

143.    Plaintiff adopts and realleges the foregoing as fully restated herein.

144.    Defendants violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report accurate information to the consumer reporting agencies after the dispute.

145.    As a result of Defendants' violations of 15 U.S.C. §1681s-2(b)(1)(C), the Plaintiff suffered actual damages, including but not limited to denial of credit, benefits, damage to credit reputation, emotional distress, and mental and physical pain.

146.    The violations by Defendants were willful, rendering it liable for punitive damages in an amount pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants was negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

147.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

Case 1:24-cv-06928    Document 1    Filed 09/13/24    Page 25 of 27

## Count 10: Violation of the FCRA, 15 U.S.C. §1681s-2(b)(1)(D)

148.    Plaintiff adopts and realleges the foregoing as fully restated herein.

149.    Defendants violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies after a dispute including Equifax and other consumer reporting agencies known and unknown.

150.    As a result of Defendants' violations of 15 U.S.C. §1681s-2(b)(1)(D), the Plaintiff suffered actual damages, including but not limited to denial of credit, benefits, damage to credit reputation, emotional distress, and mental and physical pain.

151.    The violations by Defendants were willful, rendering it liable for punitive damages in an amount pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants was negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

152.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

Plaintiff, Robert Sockwell prays that this Court:

a.    Declare that Defendants violated the FDCPA;

b.    Declare the Defendants violated the FCRA;

c.    For an award of actual, statutory and treble damages pursuant to 15 U.S.C. § 1692k against the Defendants and for Plaintiff;

d.    For an award of actual, statutory and punitive damages pursuant to 15 U.S.C. §1681n(a) against the Defendants and for Plaintiff.

Case 1:24-cv-06928 Document 1 Filed 09/13/24 Page 26 of 27

e.  Enter judgment in favor of Plaintiff and against the Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

f.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b) of the FCRA.

g.  Enter judgment enjoining the Defendants from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

h.  Grant such further relief as deemed just.

## **JURY DEMAND**

Plaintiff, Robert Sockwell demands trial by jury.

Dated: August 14, 2024

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE, ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**

Page **21** of **21**

Index No.:                            Year: 2024

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

ROBERT SOCKWELL,

                                                            *Plaintiff*

            -against-

LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES LP AND SHERMAN FINANCIAL GROUP LLC,

                                                            *Defendants.*

---

# SUMMONS AND COMPLAINT

---

Signature (Rule 130-1.1-a)

_____

ABEL L. PIERRE, ESQ.
*Attorney for Plaintiff*

*Office and Post Office Address, Telephone*

LAW OFFICE OF ABEL L. PIERRE, PC
140 BROADWAY, 46TH FLOOR
NEW YORK, NY 10005
TEL: (212) 766-3323
FAX: (212) 766-3322
EMAIL: ABEL@APIERRELAW.COM

---

To:                                        Service of a copy of the within is hereby admitted.

Attorney(s) for Defendants

                                           Dated:

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY
  that the within is a (certified) true copy of a
  order duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT
  that an order                           of which the within is a true copy will be
  presented for settlement to the Hon.    One of the judges of the within named court,
  at                    on                                  20      at

  Dated: New York, New York

                        Yours, etc.
            LAW OFFICE OF ABEL L. PIERRE, PC

---